Dahiel, J.
 

 This is an action of trespass,
 
 de bonis as-portatis. Plea, not guilty.
 
 The Cherokee Indians, by the treaty made in the year 1838, agreed to remove from the ceded territory in the month of May, in that year. On the 11th day of June, 1838, Murratt, (an Indian,) when on his way to the place of rendezvous, for the purpose of removal, made a contract in writing, with one Matlock, for the sale of his “farm and plantation.” There was then a growing crop of corn in a field around the hut, that he had left on the ceded territory in this State. Matlock sold and transferred all the interest he had in the said purchase, to the plaintiff.
 

 The defendant, a short time thereafter, purchased the aforesaid growing crop of corn, (thus left by the Indian Murratt,) of one McReynolds, who pretended to have authority to sell the same ; but no authority to make the said sale by him, was shewn on the trial. The plaintiff and defendant alternately worked and cultivated the said field of corn-, until it came to maturity. In the month of October, the plaintiff gathered the corn, and threw it in small piles in the same field, where
 
 *38
 
 it lay for a week, when each party simultaneously commenced hauling it away from the field. The defendant carried away about fifty bushels. It seems to us, that immediately Murratt left his hut and field to remove, the land and crop growing on it, belonged to the State. Murratt, after that time, had no interest in the growing crop of corn, which he could sell to Matlock. If the plaintiff and defendant were tenants in common of the corn, this action certainly could not be maintained. The case, thereiore, seems to be narrowed down to the single question, whether the plaintiff, by the bare act of pulling the corn from the stalks, and throwing it in small piles in the field, and there leaving it for a week, had acquired such an exclusive possession of the corn, as to enable him to maintain this action, for that portion of it which the defendant took away. The Judgethought it did not, and we concur with him in that opinion. Each of the parties resided some distance from the field of corn ; each had set up tifie to it; each had worked and cultivated it, after the Indian had left the place. Can it then be said, after all these facts, that the bare severance by the plaintiff, of the ears of corn from the stalks, and throwing them in small heaps on the ground in the same field, gave him an exclusive possession of the whole of the corn thus severed? We think it did not. On the question as to the admissibility of the testimony, offered by the plaintiff to prove a parol sale by Murratt of the growing crop, we hold that the same was inadmissible, as being repugnant
 
 to
 
 the provisions of the act of 1836, ch. 8, relative to contracts with Cherokee Indians.
 

 We are of opinion, that the judgment was right, and that it must be affirmed.
 

 Per Curiam. Judgment affirmed.